## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| CLINT PHILLIPS, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-CV-2142 CAS |
| ) | |
| TWO UNKNOWN POLICE OFFICERS, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Clint Phillips, III for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion, the Court finds defendant's motion should be granted. See 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice for failure to state a claim.

### I. Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. Id. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements." Barton v. Taber, 820 F.3d 958, 964 (8th Cir. 2016). See also Brown v. Green Tree Servicing LLC, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating a court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a self-represented person's complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs' complaints are required to allege facts which, if true, state a claim for relief as a matter of law. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). See also Stone v. Harry, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a self-represented plaintiff's complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. See McNeil v. United States, 508 U.S. 106, 113 (1993).

**II. The Complaint**

Plaintiff is a self-represented litigant who brings this action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1986. He names two unknown police officers and the City of Bellefontaine Neighbors as defendants. Plaintiff filed his complaint on July 24, 2019. (Doc. 1).

Plaintiff alleges on June 20, 2019, he called the police from a neighbor's house to report an incident that occurred at 1173 Forest Home concerning family members who "did not want to

leave" despite his request. Id. at 6. Two white male police officers responded to plaintiff's call. Initially, plaintiff consented to the officers entering his home to "apprehend the uncooperative offenders/trespassers/suspects." Id.

Shortly after entering, the officers encountered plaintiff's sister. According to plaintiff, the police officers began questioning his sister who "responded with controverted accusations" about plaintiff's medications and mental health "without any psychiatric degree." Id. Plaintiff "began to contest the social stigma" when one of the officers "removed [him] from [his] home." Id. Plaintiff alleges the officer removed him for "investigatory purposes and to gather information," which he asserts "is a search under state law." Id. at 7.

When the officer finished "searching" plaintiff's house, he approached plaintiff with "faulty misconceptions of state law." Id. Plaintiff was advised his sister and brother had established residency at his home. The officers left without removing plaintiff's sister or brother from plaintiff's home. Plaintiff asserts the officers' actions amounted to a search and seizure without his consent and without a warrant. Id. at 8.

On August 7, 2019, plaintiff filed a document titled "Amended Complaint." (Doc. 4). Despite its title, the document appears to be an attempt to supplement the facts in his original complaint, rather than replace it. In the "Amended Complaint," plaintiff specifies he is suing the two unknown police officers in both their individual and official capacities. Id. at 1. Plaintiff further alleges the City of Bellefontaine Neighbors is "vicariously liable for the acts of their agents and their acquiescence with civil rights violations." Id.

Plaintiff further claims his sister made a "false/falsified 911 call" about obscene statements plaintiff made to his sister's son-in-law. Id. Plaintiff states he is "under the impression" a warrant has been issued without probable cause for his questioning. And he is afraid the warrant will be

3

used to harass him and coerce him into waiving his Miranda rights. Id. at 1-2. Plaintiff asserts he "will be unwilling to accompany" the police for any questioning, and he will assert his right to an attorney. Id. at 2. Plaintiff is also anticipating the police will arrest him illegally in reprisal for his earlier 911 calls. Id.

Plaintiff is seeking $16 million in damages for the alleged violation of his constitutional rights. Doc. 1 at 12.

**III. Discussion**

Plaintiff brings this civil action against two unknown police officers and the City of Bellefontaine Neighbors. The police officers are sued in both their individual and official capacities.

**A. Defendant City of Bellefontaine Neighbors**

Plaintiff's claim against the City of Bellefontaine Neighbors must be dismissed for failure to state a claim. In a § 1983 action, a municipality cannot be held liable on a respondeat superior theory. A.H. v. City of St. Louis, Mo., 891 F.3d 721, 728 (8th Cir. 2018). However, a local governing body can be sued directly under § 1983. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690 (1978). In order to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. Kelly v. City of Omaha, Neb., 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." Mick v. Raines, 883 F.3d 1075, 1079 (8th Cir. 2018). See also Marsh v. Phelps Cty., 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is

4

an extension of the same"). Thus, there are three ways in which plaintiff can assert the liability of the City of Bellefontaine Neighbors.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." Corwin v. City of Independence, Mo., 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. Szabla v. City of Brooklyn, Minn., 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." Id. at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." Angarita v. St. Louis Cty., 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

Johnson v. Douglas Cty. Med. Dep't, 725 F.3d 825, 828 (8th Cir. 2013).

5

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." S.M. v. Lincoln Cty., 874 F.3d 581, 585 (8th Cir. 2017).

A plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. Doe ex rel. Doe v. Sch. Dist. of City of Norfolk, 340 F.3d 605, 614 (8th Cir. 2003).

Here, plaintiff has failed to establish the liability of the City of Bellefontaine Neighbors. Plaintiff has not alleged any facts that the City of Bellefontaine Neighbors has an unconstitutional policy or custom, or that it has been deliberately indifferent in its failure to train or supervise its employees. Indeed, while the City of Bellefontaine Neighbors is listed as a defendant, it is never mentioned in the complaint's "Statement of Claim." In the amended complaint, plaintiff asserts the City of Bellefontaine Neighbors should be "vicariously liable for the acts of their agents," but as noted above, respondeat superior is inapplicable to this type of claim. Therefore, plaintiff's claim against the City of Bellefontaine Neighbors must be dismissed. See Ulrich v. Pope Cty., 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of Monell claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

**B. Official Capacity Claims Against the Two Unknown Police Officers**

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." See White v. Jackson, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a

"suit against a public employee in his or her official capacity is merely a suit against the public employer." Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). See also Brewington v. Keener, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); Kelly, 813 F.3d at 1075 (stating a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and Elder-Keep v. Aksamit, 460 F.3d 979, 986 (8th Cir. 2006) (stating a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

The two unknown police officers are alleged to be employed by the City of Bellefontaine Neighbors. Thus, plaintiff's official capacity claims against the two unknown officers is actually a claim against the City of Bellefontaine Neighbors itself. As discussed above, plaintiff has failed to state a municipal liability claim against the City of Bellefontaine Neighbors. Therefore, plaintiff's official capacity claims against the two unknown police officers must be dismissed.

**C. Individual Capacity Claims Against the Two Unknown Police Officers**

Plaintiff alleges the two unknown police officers violated his Fourth Amendment right to be free from unreasonable searches and seizures.

First, plaintiff asserts that the police officers conducted an illegal search of his home without his consent or a warrant. The Fourth Amendment guarantees the right to be free from "unreasonable searches and seizures." U.S. Const. amend. IV. Despite the Fourth Amendment's general prohibition against unreasonable searches, a warrantless search may be valid if conducted pursuant to probable cause or voluntary consent. Waters v. Madson, 921 F.3d 725, 740 (8th Cir. 2019). "A plaintiff seeking damages under § 1983 for an unreasonable search must allege (1) an

7

unlawful search and (2) an actual, compensable injury, because the abstract value of a constitutional right may not form the basis for § 1983 damages." Id. (internal citations omitted).

Here, plaintiff states he called the police because his family members would not leave his home. Plaintiff initially allowed the two unknown officers to enter his house. When the police officers confronted plaintiff's sister, they began asking her questions. At that point, plaintiff began to "contest" his sister's statements, whereupon one of the police officers took plaintiff outside, ostensibly to separate the two. Plaintiff alleges he was removed from his home for "investigatory purposes and to gather information[,] which is a search."

These facts do not support plaintiff's conclusion that the police violated his rights by undertaking an unlawful search. As plaintiff himself acknowledges, he is the one who called the police and consented to their entry into his home. Once there, the two unknown officers began questioning plaintiff's sister. Plaintiff then inserted himself into the conversation to object to his sister's answers, at which point he was separated from her. There is no indication the officers did anything more than question plaintiff's sister while in his home. That is, plaintiff presents no facts to show that officers were searching his premises for any type of contraband. Plaintiff's mere allegation that police officers spoke with his sister while in his house does not constitute an unlawful search in violation of the Fourth Amendment.

Second, plaintiff claims he was illegally detained outside his home without any reasonable, individualized suspicion. "It is clearly established that a warrantless arrest, unsupported by probable cause, violates the Fourth Amendment." Baribeau v. City of Minneapolis, 596 F.3d 465, 478 (8th Cir. 2010). However, a police officer needs only reasonable suspicion based on the totality of the circumstances to effect a temporary investigative detention. See De La Rosa v.

White, 852 F.3d 740, 743-44 (8th Cir. 2017). Plaintiff asserts the circumstances in this case did not warrant his detention.

Once again, plaintiff's facts do not support his legal conclusion. This is not an instance in which a person was stopped by a police officer for investigatory purposes. Rather, as plaintiff asserts in his complaint, he was the individual who called the police to be dispatched to his home. Officers responded to his call, and plaintiff allowed them into his home to speak with his sister, who plaintiff claims would not leave. When plaintiff's sister began telling the police about plaintiff's mental health issues, plaintiff took exception and began contesting the matter. A police officer took him outside and had him remain there until the other officer finished speaking with plaintiff's sister. Plaintiff was not arrested. He does not claim he was handcuffed or had his person searched. Rather, it appears the officer merely kept plaintiff and his sister apart while investigating plaintiff's criminal complaint. These facts do not demonstrate that plaintiff was illegally seized.

As to plaintiff's assertion that he has a cause of action under 42 U.S.C. § 1986, the Court notes that plaintiff has not presented any facts to indicate that the two unknown police officers conspired to violate his constitutional rights.

The supplemental facts contained in plaintiff's amended complaint likewise fail to state a claim. In the amended complaint, plaintiff states he is "under the impression" a warrant has been issued for him, and he is "afraid that these officers will use this warrant" to harass him. Here, plaintiff has not alleged any facts showing his constitutional rights have been violated. Instead, he vaguely asserts his rights might be violated in the future. This type of speculative pleading is insufficient to state a claim. See Torti v. Hoag, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level").

For the reasons discussed above, plaintiff's individual capacity claims against the two unknown police officers must be dismissed.

### D. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Doc. 3). The motion will be denied as moot as this action is being dismissed for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED AS MOOT**. [Doc. 3]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

*[signature]*

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 22nd day of November, 2019.